UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MATTHEW METZ, on behalf of himself and others similarly situated, | : : : | Case No: 1:22-cv-286 |
| | : | Judge: |
| Plaintiff, | : : | |
| v. | : : | **PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND** |
| THE O'GARA GROUP, INC. | : : | |
| Defendant. | : : : : : | |

COMES NOW Plaintiff Matthew Metz, on behalf of himself and all others similarly situated, by and through his undersigned legal counsel and for his Complaint against Defendant The O'Gara Group, Inc., alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a class action for the recovery, by Plaintiff and other similarly situated employees of Defendant, of damages in the amount of sixty (60) days' pay and ERISA benefits by reason of Defendant's violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 *et seq.* ("WARN Act"). Plaintiff was an employee of the Defendant and was terminated as part of, or as a result of, mass layoffs and/or plant closings ordered by the Defendant. Pursuant to the WARN Act, the Defendant violated federal law by failing to give Plaintiff and other similarly situated employees of the Defendant at least sixty (60) days' advance notice of termination, as required by the WARN Act. As a result, Plaintiff and other similarly situated employees of the Defendant

1

are entitled under federal law to recover from the Defendant their wages and ERISA benefits for sixty (60) days, none of which has been paid.

2. This is a class action for the recovery, by Plaintiff and other similarly situated employees of Defendant, for the recovery of unpaid accrued paid time off ("PTO"). At the time of their respective terminations, Plaintiff and others similarly situated employees of Defendant had accrued PTO time for which Defendant owed a duty to pay in full at the end of employment.

## PARTIES

3. Plaintiff Matthew Metz is a former employee of Defendant, and a resident of this judicial district.

4. Defendant The O'Gara Group, Inc. is a manufacturer of armored vehicles located in Fairfield, Ohio.

5. Until on or about March 3, 2022, Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to their facilities.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's Complaint because it asserts claims arising under the WARN Act.

7. This Court has subject matter jurisdiction over Plaintiff's state law claims as they share a common nucleus of operative fact and/or arise out of the same transaction or occurrences as his federal claims.

8. Venue in this Court is proper, as the events and occurrences giving rise to the claim occurred herein.

## WARN ACT CLASS ALLEGATIONS AND CLAIM FOR RELIEF

9. Plaintiff and those he seeks to represent herein were discharged without cause on their part on or about March 3, 2022, or within thirty (30) days of that date. As the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant on March 3, 2022, and are "affected employees" within the meaning for 29 U.S.C. §2101(a)(5).

10. Plaintiff brings this action on his own behalf, pursuant to the WARN Act, and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of themselves and the following similarly situated employees:

    All former employees of Defendant who worked at Defendant's Facilities and were terminated without cause on March 3, 2022, were terminated without cause within 30 days of March 3, 2022, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant on or about March 3, 2022.

11. On or about March 3, 2022, Defendant terminated Plaintiff's employment as part of a mass layoff an/or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3) for which they were entitled to receive sixty (60) days advance written notice under the WARN Act.

12. Defendant never gave Plaintiff the statutorily required sixty (60) days advance written notice under the WARN Act.

13. Upon information and belief, at or about the time that Plaintiff was discharged, Defendant discharged over two hundred (200) similarly situated employees.

14. Pursuant to 29 U.S.C. § 2104(a)(5), Plaintiff maintains this claim on behalf of himself and the similarly situated employees.

15. Each member of the proposed class is similarly situated to Plaintiff in respect to his or her rights under the WARN Act.

16. Plaintiff and members of the proposed class were discharged by Defendant without cause on their part.

    a. Plaintiff and the similarly situated employees are "affected employees" within the meaning of the WARN Act.

    b. Defendant was required by the WARN Act to give Plaintiff and the similarly situated employees at least sixty (60) days advance written notice of their respective terminations.

    c. Prior to their termination, neither Plaintiff nor the similarly situated employees received written notice that complied with the requirements of the WARN Act.

    d. Defendant failed to pay Plaintiff and the similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for sixty (60) calendar days following their respective termination and failed to make the retirement contributions and provide them with health insurance coverage and other employee benefits under ERISA for sixty (60) calendar days following their respective terminations.

17. Plaintiff sues under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and the following proposed class:

    All former employees of Defendant who worked at Defendant's Facilities and were terminated without cause on March 3, 2022, were terminated without cause within thirty (30) days of March 3, 2022, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant on or about March 3, 2022.

18. Common questions of law and fact are applicable to all members of the Class. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendant committed or failed to commit as to all members of the Class; all

Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendant who, prior to the terminations, worked at the Facilities; Defendant, as a single employer terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days advance written notice; and Defendant failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

19. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

20. Plaintiff's claims are typical of the claims of other members of the class in that for each of the several acts described above, Plaintiff was or is an injured party.

21. Plaintiff will fairly and adequately protect and represent the interests of the Class.

22. Plaintiff has the time and resources to prosecute this action and has retained counsel who have extensive experience in matters involving employee rights and class action litigation.

23. The Class it is so numerous as to render joinder of all members impracticable. on information and belief, there are over fifty (50) persons who are included in the Class.

24. The Class meets the requirements of Fed. R. Civ. P. 23 (a) for class certification.

25. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class the dominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

26. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

27. No litigation concerning the WARN Act rights of any Class members has been commenced.

28. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

29. On information and belief, the identities, recent residence addresses, and rates of pay and benefits of the Class members is contained in the books and records of Defendant.

30. At all relevant times, the Defendant employed more than two hundred (200) employees who in the aggregate worked at least eight thousand (8,000) hours per week exclusive hours of overtime within the United States.

31. At all relevant times, defendant was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 CFR §639(a) and continued to operate as a business until it ordered a mass layoff and/or plant closing at the Facilities.

32. On or about March 3, 2022, the Defendant ordered a mass layoff and/or plant closing of the facilities, as that term is defined in 29 U.S.C § 2101(a)(2).

33. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of Defendant's employees as well as thirty three percent (33%) of Defendant's workforce at the Facilities.

34. As a result of Defendant's violations of the WARN Act, Plaintiff and the other members of the Class have suffered damages in amounts equal to the sum of:

    a. Their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, accrued paid time off ("PTO");

    b. 401(k) contributions for sixty (60) calendar days after the dates of their respective terminations; and

    c. Medical expenses incurred during such. By such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

35. The relief sought in this proceeding is equitable in nature.

## PTO CLASS ALLEGATIONS AND CLAIMS FOR RELIEF

36. Plaintiff and others similarly situated incorporate by reference the preceding paragraphs as if fully restated herein.

37. Defendant's policy was to pay accrued PTO at the end of employment. A true and accurate copy of Defendant's policy to pay said PTO is attached hereto as Exhibit A.

38. In the alternative, Defendant had a consistent past practice and implied contract to pay accrued PTO time upon separation from employment, and as a matter of Ohio law PTO is considered an earned benefit to which the employee has a legal entitlement, and is not forfeited upon termination of employment.

39. Plaintiff sues under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of himself and the following proposed class:

    All former employees of Defendant whose employment ended in the past calendar year and who were not paid for the unused paid time off they had accrued at the time of their termination. (the "PTO Class")

40. Common questions of law and fact are applicable to all members of the PTO Class. The common questions of law and fact arise from and concern the following facts and actions,

among others, that Defendant failed to pay the PTO Class members their accrued PTO at the termination of their employment.

41. The questions of law and fact common to the members of the PTO Class, as above noted, predominate over any questions affecting only individual members, and thus, this class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

42. Plaintiff's claims are typical of the claims of other members of the class in that for each of the several acts described above, Plaintiff was or is an injured party.

43. Plaintiff will fairly and adequately protect and represent the interests of the PTO Class.

44. Plaintiff has the time and resources to prosecute this action and has retained counsel who have extensive experience in matters involving employee rights, fringe benefits, and class action litigation.

45. The PTO Class is so numerous as to render joinder of all members impracticable. Upon information and belief, there are over two hundred (200) persons in the PTO Class.

46. The Class meets the requirements of Fed. R. Civ. P. 23 (a) for class certification.

47. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. Defendant's payment of PTO at the end of employment was a material term of the parties' employment relationship.

49. Plaintiff and others similarly situated performed all terms, obligations, covenants, and conditions required of them under the employment relationship in order to be paid for their PTO.

50. Defendant's failure to pay the accrued PTO at the end of employment was a breach of contract, causing damages to Plaintiff and the PTO Class equal to the accrued PTO.

51. In the alternative, Plaintiff and the PTO Class conferred a benefit through their labor upon Defendant, and with the understanding that they would be paid for any accrued but unused PTO they held at the cessation of employment. Plaintiff and the PTO Class accrued, and did not exhaust, their allotted PTO in the expectation that they would be compensated for their accrued PTO at the end of their employment.

52. With knowledge of said benefit, Defendant has unjustly retained the benefit of Plaintiff and the PTO Class's labor, while failing and/or refusing to render payment for accrued PTO.

53. As a direct and proximate result of Defendant's acts and omissions as set forth herein, Plaintiff and the PTO Class have incurred damages, Defendant has been unjustly enriched, and Plaintiff and the PTO Class are entitled to an order of restitution.

WHEREFORE, the Plaintiff demands judgment as follows:

1. In favor of the Plaintiff and each other Class member against the Defendants equal to the sum of:

    a. Wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for sixty (60) days;

    b. Pension, 401(k) contributions, health and medical insurance and other fringe benefits for sixty (60) days; and

    c. Medical expenses incurred during the sixty (60) day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

2. An award equal to Plaintiff and the PTO Class's accrued PTO that was unused at the time of their termination.

3. Appointment of the Plaintiff as Class Representative.

4. Appointment of the undersigned as Class Counsel.

5. In favor of the Plaintiff for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

6. Interest allowed by law.

7. Such other and further relief as this Court deems just and proper.

/s/ Matthew S. Okiishi
_____
Matthew S. Okiishi (0096706)
Stephen E. Imm (0040068)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-6659
(513) 943-6669-fax
matt@finneylawfirm.com
stephen@finneylawfirm.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

/s/ Matthew S. Okiishi
_____
Matthew S. Okiishi (0096706)